IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOUIS WAGGONER, AKA LOUIS WAGGONER ESTATE AND TRUST, SUBROGEE, beneficiary, AND LAWRENCE HILL, AKA LAWRENCE HILL ESTATE AND TRUST, SUBROGEE, beneficiary, PLAINTIFFS, v. U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR BAYVIEW FINANCIAL REVOLVING ASSET TRUST 2005-EV, ET AL. DEFENDANTS. | § § § § § § § § § § § § § § § § § § § | NO. 3:23-CV-2506-G-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case is before the undersigned United States magistrate judge for pretrial management. For the reasons below, this case should be **DISMISSED WITHOUT PREJUDICE** for Plaintiffs' failure to comply with a court order and failure to prosecute.

### I. BACKGROUND

In October 2023, Plaintiffs brought this quiet title action against Defendants in Texas state court, stemming from Defendants' alleged failure to provide the required notice regarding a foreclosure action and eviction concerning Plaintiffs' real property. Doc. 1-2 at 11-26, 184-199.

Plaintiffs assert, *inter alia*, a breach-of-contract claim and also request injunctive relief. Relying on diversity jurisdiction, Defendants removed the case to this Court. Doc. 1, *passim*.

Upon review, however, it appears the *pro se* Plaintiffs are attempting to assert claims on behalf of trusts. As Plaintiffs are not licensed to practice law, the Court admonished them that they may not do so. Doc. 5 (citations omitted). Accordingly, Plaintiffs were ordered to retain counsel for the trusts no later than May 20, 2024, and warned that "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE DISMISSAL OF THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)." Doc. 5. Nonetheless, they have yet to retain counsel.

## II. APPLICABLE LAW AND ANALYSIS

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). The rule further provides that "[u]nless the dismissal order states otherwise," a Rule 41(b) dismissal "operates as an adjudication on the merits." FED. R. CIV. P. 41(b). This authority stems from the "court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Under the facts and circumstances presented here, dismissal is warranted. Plaintiffs have been ordered to retain counsel, and their failure to do so, despite being warned about the possibility of dismissal for noncompliance, essentially brings this case to a halt. Because Plaintiffs lacked authority to pursue claims on behalf of the named trusts *ab initio*, dismissal without prejudice is appropriate.

### III. CONCLUSION

For the foregoing reasons, this claims Plaintiffs attempt to assert on behalf of the trusts should be **DISMISSED WITHOUT PREJUDICE**, and this case should be closed.

**SO RECOMMENDED** on May 23, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).